**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Lorenzo Vallone,**

    *Plaintiff,*

v.                                                          **Case No. 3:04-cv-188
Judge Thomas M. Rose**

**Microsystems Technologies LLC,** *et al.***,**

    *Defendants.*

___

**ORDER REMANDING ACTION TO STATE COURT, STRIKING DEFENDANTS' MOTION TO STAY AND REFER TO ARBITRATION,** (DOC. 6)**, STRIKING PLAINTIFF'S MOTION TO STRIKE,** (DOC. 36)**, STRIKING DEFENDANTS' MOTION FOR DISCOVERY,** (DOC. 41)**, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS.** (DOC. 34).
___

Pending before the Court is Defendants' Motion to Stay and Refer to Arbitration. Doc. 6. Defendants' motion is based upon the assertion that Plaintiff agreed in a written employment agreement, which bears a computer-printed signature purported to be Plaintiff's, to arbitrate all claims arising out of Plaintiff's employment with Defendants. Plaintiff does not deny having entered into such a contract with Defendants, but claims, "Said 'Employment Agreement' is unenforceable within the Ohio Statute of Frauds because Mr. Vallone has never executed nor authorized any person to execute that document on his behalf and it is invalidated because it is a false and forged document and a fraud upon this Court." Doc. 12, at 1.

The Ohio Statute of Frauds does provide:

> No action shall be brought whereby to charge the defendant ... upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, *or some memorandum or note thereof*, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Ohio Rev. Code § 1335.05 (emphasis added). The Court was thus required to hold a hearing to determine if the signature on the contract, or a signature on any other "memorandum or note," evinced creation of a contract containing an arbitration provision. Arguably, even the header of an email to which a copy of the contract was attached might suffice as a signature for statute of frauds purposes. See, e.g., *International Casings Group, Inc. v Premium Standard Farms, Inc.*, 358 F. Supp. 2d 863 (W.D. Mo. 2005) (applying the Uniform Electronic Transactions Act to a Missouri U.C.C. case. Ohio has codified the U.E.T.A. at Ohio Rev. Code § 1306.08); and *Roger Edwards, LLC. v. Fiddes & Son, Ltd.*, 245 F. Supp. 2d 251 (D. Me. 2003) (recognizing e-mails sent by manufacturer's agent to distributor, referencing distributorship agreement, satisfies writing and signature requirement of Maine's statute of frauds in a non-U.C.C. case).

In attempting to resolve this question, the Court had cause to review the complaint in this case, which caused it to question its subject matter jurisdiction. As the Notice of Removal asserted federal question jurisdiction, but the complaint stated state law claims, the Court ordered the parties to show cause why the matter should not be remanded to state court for want of subject matter jurisdiction. Doc. 43.

Defendants' response to the show cause order, doc. 46, begins with an assertion that "Plaintiff never contested the removal," *id.* at 1, and ends with the claim that "Plaintiff acquiesced to removal to federal court, and this case should not be remanded to state court." *Id.* at 4. Of course, it is hornbook law that "federal judicial power does not depend upon 'prior action or conduct of the

parties.'" CHARLES ALAN WRIGHT, THE LAW OF FEDERAL COURTS, 25 (West Hornbook Series 1983) (quoting *Owen Eqip. & Erection Co., v. Kroger*, 437 U.S. 365, 377 n.21, 98 S. Ct. 2396 (1978)).

By way of legal argument, Defendants rely upon *Sanchez v. Overmyer*, 845 F. Supp. 1178 (N.D. Ohio 1993). *Sanchez* recognized a federal cause of action where, "an employee seeks an order to force an employer to correct the employee's employment record and make the appropriate FICA contributions for wages earned by the employee." *Sanchez* continued, "The Court notes that, …these plaintiffs are only seeking such an order. The Court does not reach the question of whether a private cause of action for monetary damages is implied under the FICA." Nowhere in the instant complaint is there a request that the Court order Defendants to make FICA contributions. This Court has already rejected the claim that FICA creates a cause of action for monetary damages. See *Belluardo v. Cox*, No. 3:01-cv-041, Doc. 74 (March 29, 2004) (*aff'd*, 2005 WL 3078632). In *Belluardo* this Court agreed with *Salazar v. Brown*, 940 F. Supp. 160, 165 (W.D. Mich. 1996), which expressly disagreed with *Sanchez*.

Besides *Sanchez*, Defendants cite to the Court the dissent from a vacated Sixth Circuit opinion, *B & B Trucking, Inc. v. U.S.P.S.*, 363 F.3d 404 (6th Cir. 2004) (Cook, J., dissenting). While Judge Cook's view eventually prevailed, 406 F.3d 766 (6th Cir. 2005), her dissent quotes *Rivet v. Regions Bank*, 522 U.S. 470, 118 S. Ct. 921 (1998), in which the Supreme Court instructed, "As a corollary to the well-pleaded defense rule, a plaintiff may not defeat removal by omitting to plead necessary federal questions. If the plaintiff thus 'artfully pleads' a claim, a court may uphold removal even though no federal question appears on the face of the complaint." 522 U.S. at 475.

The instant complaint is not artfully pleaded. While it asserts claims of fraud, it fails to satisfy the requirement in Ohio Rule of Civil Procedure 9(b) for particularity in averments of fraud, which normally includes the time, place and content of the false representation. *Baker v. Conlan*, 585 N.E.2d 543 (Ohio App. 1990). It is thus impossible to understand what necessary matters may have been omitted, let alone whether they involve questions of federal law, beyond the omission of an allegation of a particular statement that is false, made at a particular time, by a particular person.

In the absence of a federal claim in the complaint, the instant matter must be remanded to state court. Should Defendants receive a paper from which it may be ascertained that the case is one which is or has become removable under 28 U.S.C. § 1331, they remain free to remove the case again within the 30 day window created by 28 U.S.C. § 1446, subject to the strictures of Federal Rule of Civil Procedure 11.

Since the Court is without jurisdiction in this case, it is without jurisdiction to rule on Plaintiff's motion to strike, doc. 36, which the clerk is ordered to **STRIKE**, along with Defendants' motion for discovery, doc. 41. The only other pending motion in this case is Plaintiff's motion for sanctions. Doc. 34. The Court believes it has jurisdiction to rule on this motion. See *Ilan-Gat Engineers, Ltd. v. Antigua Intern. Bank*, 659 F.2d 234, 239 (D.C. Cir. 1981).

Plaintiff's motion informs the Court "For several months, Plaintiff has sought an electronic discovery of Defendant's computer files to prove that Defendant forged Plaintiff's signature and perpetrated a fraud upon this Court. (Docs. 14, 16, 18, 20, 22, 24, 25, 27, 29, and 30)." Reviewing these documents, the Court was taken aback by the tenor Plaintiff's counsel utilizes. A couple of examples from Plaintiff's letters include: "your continuing quibbling and obstructive behavior is unprofessional and threadbare and your whine that this discovery is a 'huge waste of time and

money' and a 'debacle' is irrelevant." Doc. 27. "Regarding your vacuous threats, I shall generally ignore your strained hyperbole. Sadly, it is evidently your only mode of communication other than quibbling." *Id.*

The Local Rules envision "Common courtesy" including "politeness in conversation, respect for others' time and schedule, and an attitude of cooperation and truthfulness." Irrespective of what actions on behalf of defense counsel may have provoked Plaintiff's response, the Court is disturbed to find counsel apparently does not always observe courtesy when not in the Court's presence. The Court hesitates to award sanctions in favor of a party that does not come to it with clean hands, and for this reason **DENIES** Plaintiff's motion for sanctions. Doc. 34. The Clerk is ordered to remand the instant action to Greene County Common Pleas Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 22, 2006.

/s/ Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE